UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANTHONY A. JACKSON, *et al.*,

     Plaintiffs,

v.                                 CASE NO. 8:26-cv-152-JLB-AAS

JUDGE STEPHEN WHYTE, *et al.*,

     Defendants.
_____/

## **ORDER**

Plaintiffs Deanthony Jackson, Robert Davis, Norman Sawyers, and Kalvin Martin are pre-trial detainees at Manatee County Jail (MCJ) who initiated this action, *pro se*, by filing a single complaint under 42 U.S.C. § 1983 (Doc. 1) and a motion to initiate a class action lawsuit.   (Doc. 2). Plaintiffs neither paid the filing fee nor moved to proceed *in forma pauperis*.

### **Allegations**

Each Plaintiff challenges their current criminal proceedings.   Plaintiff Davis alleges that Judge Whyte has conspired with the victim and the prosecutor to violate his supervised release, prevent him from accessing exculpatory evidence, and deny him a dismissal of the charges based on a speedy trial violation.   Plaintiff Jackson alleges that Judge Mecurio and

1

Public Defender Lerry Egen have conspired to keep him illegally detained. Plaintiff Sawyer alleges that Assistant Public Defender Tamayo rendered ineffective assistance by failing to raise a viable defense. And Plaintiff Martin alleges that Assistant Public Defender Wright rendered ineffective assistance by failing to show him discovery and by failing to file a motion to dismiss the charges against him.

## Discussion

The complaint must be dismissed without prejudice. The Prison Litigation Reform Act of 1995 (PLRA) prohibits multiple prisoners from avoiding payment of a filing fee by joining claims in a single case. *See Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). Thus, to comply with the PLRA, each prisoner must file a separate action in which he is responsible for the full filing fee. *See id.* (upholding the district court's dismissal of the lawsuit wherein the multiple-prisoner plaintiffs sought to proceed together *in forma pauperis*).

To the extent that Plaintiffs seek to bring a class action on behalf of themselves and other detainees at MCJ, a *pro se* plaintiff may *not* represent the interests of other prisoners. *See, e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405,

2

1407 (4th Cir. 1975) ("plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")).

Accordingly, it is **ORDERED** that:

1. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. Each Plaintiff may re-file by individually filing his complaint in a new case with a new case number and either paying the full filing fee or submitting an individual motion to proceed *in forma pauperis* with a supporting financial affidavit if he cannot afford to pay the filing fee in its entirety.

2. The motion to initiate a class action lawsuit (Doc. 2) is **DENIED**.

3. The Clerk is **DIRECTED** to (1) close this case and (2) send to each plaintiff a civil rights complaint form and a motion for leave to proceed *in forma pauperis* form with their copies of this Order.

DONE and ORDERED in Tampa, Florida, on February 11, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

3